UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00683-GNS

DONAN ENGINEERING CO., INC.                                                                  PLAINTIFF

v.

JOHN HEINEN                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motions to Dismiss (DN 24, 37) and Plaintiff's Motion to Dismiss Defendant's Counterclaim (DN 41). The motions are ripe for adjudication.

### I.  SUMMARY OF FACTS AND CLAIMS

Plaintiff Donan Engineering Co., Inc. ("Donan") has brought claims against Defendants John Heinen ("Heinen") and Keystone Experts and Engineers, LLC ("Keystone") related to an employment dispute between Donan and Heinen. (Am. Compl. ¶ 1, DN 29). Heinen worked as a fire investigator for Donan until May 2021, at which point he resigned to take on the role of National Fire Manager at Keystone. (Am. Compl. ¶¶ 2, 4). Donan alleges that Heinen stole trade secrets and used Donan's confidential information to benefit Keystone. (Am. Compl. ¶¶ 6-10). The Amended Complaint asserts claims for, *inter alia*, breach of contract based on non-compete and nondisclosure provisions in Heinen's employment contract with Donan. (Am. Compl. ¶¶ 102-28). Heinen has moved to dismiss these claims for failure to state a claim.[1] (Def.'s Mot. Dismiss 5-8, DN 37).

---

[1] Heinen's initial motion (DN 24) challenged the sufficiency of the allegations contained in the Complaint. Because those allegations are subsumed by the Amended Complaint, the Court will

1

In Heinen's counterclaim against Donan, he alleges that Donan has interfered with his business relationship with Keystone and has refused to provide information or improperly completed employment verifications causing him to lose fire investigation certifications in Indiana, West Virginia, and Utah. (Am. Answer & Countercl. 16-17, DN 36). These certifications are necessary for Heinen's employment at Keystone. (Am. Answer & Countercl. 17). Donan has moved to dismiss this claim. (Pl.'s Mot. Dismiss, DN 41).

## II.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

## III.    STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

---

deny this motion as moot. *See Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

2

## IV. DISCUSSION

### A. Plaintiff's Motion to Dismiss

In its motion, Donan moves to dismiss Heinen's counterclaim for tortious interference with a prospective business advantage. Under Kentucky law, this tort requires the party asserting the claim to show (1) the existence of a valid business relationship or its expectancy; (2) the [tortfeasor's] knowledge of the relationship or expectancy; (3) the [tortfeasor's] intentional act of interference; (4) its improper motive; (5) causation; and (6) special damages. *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1080 (W.D. Ky. 1995). Heinen fails to state a claim for tortious interference with a prospective business advantage because he fails to allege facts that Donan has interfered in his relationship with Keystone or that he has suffered special damages.

Kentucky has adopted the Second Restatement of Torts definition of interreference of a valid business relationship or expectancy.[2] In particular, the relevant Restatement section provides:

> One who intentionally and improperly interferes with another's prospective contractual relation . . . is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation.

*Kaplan v. Univ. of Louisville*, No. 2021-CA-0166-MR, 2022 WL 258973, at *5 (Ky. App. Jan. 28, 2022) (citing Restatement (Second) of Torts § 766B (1979)).

Donan cites several cases demonstrating that there can be no claim for tortious interference with a prospective business relationship when the parties' relationship is not harmed or terminated. *See CMI*, 918 F. Supp. at 1081; *Wells Fargo Fin. Leasing, Inc. v. Griffin*, No. 5:13-CV-00075-M,

---

[2] Since neither party has argued for the application of North Carolina law, Kentucky law will be applied.

3

2014 WL 241778, at *9 (W.D. Ky. Jan. 22, 2014).  In *CMI*, this Court explained that the viability of the plaintiff's claim "rests upon whether there is any evidence that Defendants either caused a third party not to enter into a contractual relationship or that they caused someone to discontinue an existing relationship." *CMI*, 918 F. Supp. at 1081.  The Court ultimately found that the plaintiff had no claim when there was no evidence that the alleged business prospect either "discontinued their relationship [or] failed to enter into other prospective contractual relationships." *Id.* at 1082.  Similarly, in *Wells Fargo*, this Court dismissed the plaintiff's claim for tortious interference with a business relationship because there was "no allegation in the amended counterclaim indicating that [the third party] discontinued its existing relationship with [the plaintiff]" or that that the plaintiff's relationship with the third party was harmed. *Wells Fargo*, 2014 WL 241778, at *9.

Heinen does not cite any cases that allow recovery for tortious interference with a prospective business relationship when the third party and the claimant's relationship had not been harmed or discontinued.  In the cases Heinen does cite, it is clear that the plaintiffs alleged harm or discontinuation of a business relationship.  For instance, in *Fowler v. Coast to Coast Health Care Services, Inc.*, No. 15-71-GFVT, 2016 WL 502057 (E.D. Ky. Feb. 8, 2016), the plaintiff claimed his employment was terminated, which was sufficient to state a claim. *Id.* at *1.  Likewise, in *Ceres Protein, LLC v. Thompson Mechanical & Design*, No. 3:14-CV-00491TBR-LLK, 2016 WL 6090966 (W.D. Ky. Oct. 18, 2016), the plaintiff alleged that the third party refused to enter into a relationship with the plaintiff because of the tortious conduct, which sufficiently stated a claim. *Id.* at *11.

None of these facts are alleged in this case.  Heinen still actively works for Keystone and has not claimed any damage to his relationship with Keystone or any personal economic loss.  The

4

mere allegation that "Donan's conduct has caused Heinen damage as he is unable to perform all of his Keystone duties" is insufficient.

Likewise, Heinen's claim must be dismissed because he does not allege special damages, which must be pled to state a claim for tortious interference. *Id.* at *11. "Lost profit, for example, is 'an ascertainable measure' of special damages." *Id.* While Heinen losing his license in some states may be an actual damage to him, he fails to allege any damage to his business relationship or economic damage because of this loss.[3] There are no allegations that Keystone has terminated its relationship with Heinen or that the relationship has caused Heinen any economic loss.[4] Thus, Heinen's counterclaim will be dismissed.

### B.    Defendant's Motion to Dismiss

In Heinen's motion, he moves to dismiss the claims for breach of contract based on the non-compete and non-disclosure provisions in his employment contract with Donan. In reviewing a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). "That is not to say that the movant has some evidentiary burden", but instead that "[t]he movant's burden, rather, is a burden of explanation; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim. *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 740 (M.D. Tenn. 2021).

---

[3] The Court will not consider Heinen's argument that he potentially lost a bonus at Keystone because he did not allege it in the Amended Counterclaim. *See D.H. v. Matti*, No. 3:14-CV-00732-CRS, 2016 WL 868844, at *2 (W.D. Ky. Mar. 7, 2016) ("The Court does not consider facts or additional documents included in a response to a motion to dismiss that are not alleged in the pleadings." (citation omitted)).
[4] Although Heinen could in the future suffer some special damage from his alleged loss of state certifications, at this point such a claim is apparently not yet ripe.

Heinen fails to cite any factually similar cases supporting his contention that Donan has failed to state a claim, and instead relies on factual arguments outside of the Complaint. Donan has thus failed to meet its burden of proving that no claim exists. *Total Benefits Planning Agency*, 552 F.3d at 433. Additionally, dismissal is inappropriate because the Amended Complaint meets the federal pleading standard set out in *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

### 1. *Non-Compete Provision*

"To prove a breach of contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009) (citation omitted). For the purposes of this motion, Heinen does not challenge the existence of a contract between parties. (Def.'s Mot. Dismiss 6). The contract included a noncompete clause which prevents Heinen from "engag[ing] . . . in any business activities which compete directly with Donan or any of the goods and/or services provided by Donan" for a period of 18 months after his termination within a 100-mile radius of any office to which he was assigned, which in this case was Charlotte, North Carolina. (Am. Compl. Ex. A, § 5.4, DN 29-1).

Donan alleges that Heinen breached the contract by working for Donan's competitor, Keystone, managing fire investigations from his home in Charlotte, North Carolina. (Am. Compl. ¶¶ 117, 121). Donan further alleges that "Heinen's job duties at Keystone are substantially similar to his job duties when he was employed by Donan." (Am. Compl. ¶ 19). Taking these allegations as true, managing fire investigations and performing other duties similar to his role at Donan could constitute a violation of Heinen's noncompete provision. (Am. Compl. Ex. A, § 5.4; Am. Compl. ¶ 13). Likewise, Donan alleges that due to this breach it suffered damages such as "the value of

its employees' time spent repairing the harm done by the breach, loss of business, increased costs of business, lost profits, loss of corporate opportunity, and the attorneys' fees and costs Donan has been forced to incur in connection with this action." (Am. Compl. ¶ 126).

Heinen argues that Donan failed to state a claim for breach of the noncompete provision because it does not allege a "single fire investigation Heinen managed within a 100-mile radius from his home during his employment with Keystone." (Def.'s Mot. Dismiss 6). The *Twombly-Iqbal* pleading standard, however, requires that the claim only be "plausible on its face" and thus such detail is not required. *Iqbal*, 556 U.S. at 678. Donan thus has plausibly pled that the geographic requirement of the noncompete has been violated.

### 2. *Non-Disclosure Provision*

The Amended Complaint also contains factual allegations regarding Heinen's alleged breach of the non-disclosure provision in his contract with Donan. Heinen agreed in that contract that he would refrain from using or disclosing confidential and proprietary information, and would return all company property and not retain any copies of such property at the end of his employment. (Am. Compl. Ex. A, §§ 5.2-5.3; Am. Compl. ¶ 104). "[S]hortly before resigning his employment, Heinen intentionally downloaded hundreds of files containing Donan confidential and proprietary information and then transferred those files to personal external hard drives and uploaded them to his personal Google Drive account." (Am. Compl. ¶ 105). The documents Heinen allegedly took "are not available to the general public and consist of trainings, operational information, scientific analysis, and customer reports that Donan created, among others." (Am. Compl. ¶ 106). The Amended Complaint also alleges that "Heinen breached Sections 5.2 and 5.3 of the Agreement by taking and failing to return property belonging to Donan

without permission from Donan and by using and/or disclosing Donan's confidential information." (Am. Compl. ¶ 107).

These allegations constitute a properly pled claim for violation of the non-disclosure provision. First, there is a contract between the parties which includes the nondisclosure provision. (Am. Compl. Ex. A, §§ 5.2-5.3). Second, Donan alleges that Heinen breached the nondisclosure provision by impermissibly downloading confidential information and allegedly sharing it with Donan's competitor. Allegations that Heinen downloaded and took the confidential information could violate the terms of the Agreement. (Am. Compl. Ex. A, §§ 5.2-5.3). This factual allegation in conjunction with Donan's statement that Heinen "us[ed] and/or disclos[ed] Donan's confidential information" adequately pleads breach of the nondisclosure obligations. (Am. Compl. ¶ 107). The fact that Donan did not identify a specific secret that Heinen had shared does not mean that the claim was not adequately pled; Donan has no way of knowing at this juncture whether Heinen has given the information to Keystone or otherwise impermissively used the information. For the purposes of the present motion to dismiss, the allegations that Heinen took confidential information before resigning to work for a competitor is sufficient to plead a "plausible" claim. *Iqbal*, 556 U.S. at 678; (Am. Compl. ¶ 105).

Heinen argues that Donan has failed to state a claim because Heinen claims he returned all of the information and allowed Donan to conduct an inspection of his personal computer devices. (Def.'s Reply Mot. Dismiss 2-3, DN 48). This allegation, however, falls outside of the Amended Complaint and is thus not appropriate to consider on a Rule 12(b)(6) motion to dismiss.

### V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 24) is **DENIED AS MOOT**.

  2.  Defendant's Motion to Dismiss (DN 37) is **DENIED**.

  3.  Plaintiff's Motion to Dismiss Defendant's Counterclaim (DN 41) is **GRANTED**, and Heinen's Counterclaim is **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge<br>
United States District Court<br>
April 28, 2022

cc: counsel of record