UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00683-GNS

DONAN ENGINEERING CO., INC.                                        PLAINTIFF

v.

JOHN HEINEN; and
KEYSTONE EXPERTS AND ENGINEERS, LLC                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motions to Dismiss for Lack of Jurisdiction filed by Defendant Keystone Experts and Engineers ("Keystone") (DN, 16, 38). The motions are ripe for adjudication.

**I.     SUMMARY OF FACTS AND CLAIMS**

Plaintiff Donan Engineering Co., Inc. ("Donan") has brought claims against Defendants John Heinen ("Heinen") and Keystone related to an employment dispute between Donan and Heinen. (Am. Compl. ¶ 1, DN 29). Heinen worked as a fire investigator at Donan until May 2021, when he resigned for a job as National Fire Manager for Keystone. (Am. Compl. ¶¶ 2, 4). Donan alleges that Heinen stole trade secrets and used Donan's confidential information to benefit Keystone. (Am. Compl. ¶¶ 6-10). Donan filed suit against Heinen and Keystone pursuant to a forum selection clause in Heinen's employment contract with Donan. (Am. Compl. ¶ 19).

Donan is an Indiana corporation with its principal place of business in Kentucky. (Am. Compl. ¶ 12). Heinen is a North Carolina resident, and he previously worked for Donan from his home in North Carolina. (Am. Compl. ¶ 13). Keystone is a Colorado corporation with its principal place of business in Colorado. (Am. Compl. ¶ 14). Donan's claim against Keystone is for tortious

interference with a contract, which Keystone has moved to dismiss for lack of personal jurisdiction. (Def.'s Mot. Dismiss, DN 38; Am. Compl. ¶¶ 157-68)).

## II. STANDARD OF REVIEW

"When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007). "To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal." *Id.* (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)).

## III. DISCUSSION[1]

In its motion, Keystone challenges whether the Court has personal jurisdiction over it. As the Supreme Court has stated:

> [A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). "Without jurisdiction the court cannot proceed at all in any cause"; it may not assume jurisdiction for the purpose of deciding the merits of the case.

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (internal citation omitted) (citation omitted). "To exercise [personal] jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the State and federal due process." *Power Invs.,*

---

[1] Keystone's initial motion (DN 16) challenged personal jurisdiction based upon the allegations contained in the Complaint. Because those allegations are subsumed by the Amended Complaint, the Court will deny this motion as moot. *See Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

*LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (citing *Miller v. AXA Winterhur Ins. Co.*, 695 F.3d 675, 679 (6th Cir. 2012)).[2]

### A. Kentucky Long-Arm Statute

When sitting in diversity, a federal court applies the law of the state in which it sits to determine whether personal jurisdiction exists over a non-resident defendant. *See Third Nat'l v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988)). To exercise personal jurisdiction in Kentucky, a two-part analysis applies. First, the court must determine under Kentucky's long-arm statute, KRS 454.210, whether "the cause of action 'arises from' conduct or activity of the defendant that fits into one of the statute's enumerated categories." *KFC Corp. v. Wagstaff*, 502 B.R. 484, 495 (W.D. Ky. 2013) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011)). If the non-resident defendant's conduct does not fall into one of these enumerated categories, then the defendant is not subject to personal jurisdiction in Kentucky. *Id.* Second, if the conduct does fall within one of these categories, "a second step in the analysis must be taken to determine if

---

[2] In addressing this issue, the parties have cited cases addressing both personal jurisdiction and venue, which are distinct concepts. As a sister court has noted:

> The concepts of personal jurisdiction and venue both concern the territorial reach of the tribunal and not its basic adjudicative power. Personal jurisdiction focuses on the defendant's activities availing him of the forum and involves both statutory and constitutional dimensions. Considerations relevant to venue are solely statutory, and the inquiry is broader, looking into the location of other parties and their activities.

*Davis ex rel. Donohue v. Martin*, No. 1:15-CV-0508, 2015 WL 3697505, at *2 (M.D. Pa. June 12, 2015) (internal citations omitted) (citation omitted); *see also Logicalis, Inc. v. Graves*, No. 20-CV-11724, 2020 WL 12689956, at *2 (E.D. Mich. Nov. 23, 2020) (rejecting reliance on venue cases in addressing a challenge to personal jurisdiction over a non-resident defendant). Keystone's motion relates to personal jurisdiction only.

3

exercising personal jurisdiction over the non-resident defendant offends his federal due process rights." *Id.* (citation omitted).

The pertinent subsections of KRS 454.210(2)(a) provide that a court may exercise personal jurisdiction over a non-resident defendant for any claims arising from that party:

> 3. Causing tortious injury by an act or omission in this Commonwealth;
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth . . . .

KRS 454.210(2)(a)(3)-(4). Donan bears the burden to prove that Keystone is subject to personal jurisdiction in Kentucky, yet it does not address whether jurisdiction over Keystone complies with the Kentucky long-arm statute. *A.M. v. Phila. Indem. Ins. Co.*, No. 3:21-CV-364-GNS, 2022 WL 288192, at *2 (W.D. Ky. Jan. 31, 2022); (Pl.'s Resp. Def.'s Mot. Dismiss, DN 44). Donan has thus not met its burden of showing that personal jurisdiction is appropriate under KRS 454.210.

Further, Keystone is clearly not subject to personal jurisdiction in Kentucky under any of that statute's provisions. Jurisdiction is not proper under the third subsection of the Kentucky long-arm statute because Donan has not alleged any act or omission by Keystone that has taken place in Kentucky. KRS 454.210 (2)(a)(3); (Am. Compl., DN 29). Likewise, jurisdiction is not proper under the fourth subsection because Donan does not allege that its injury in Kentucky arises from Keystone's allegedly tortious conduct or course of business in Kentucky. KRS 454.210(2)(a)(4); (Am. Compl.). In fact, nowhere in its Amended Complaint does Donan allege a connection between its injury and any activity of Keystone in Kentucky.

Thus, regardless of whether jurisdiction would be appropriate under Due Process, Keystone is not subject to personal jurisdiction in Kentucky because the long-arm statute is not satisfied.[3]

B.   **Forum Selection Clause**

In lieu of discussing personal jurisdiction over Keystone in Kentucky under KRS 454.210, Donan asserts that personal jurisdiction over Keystone is proper because of the forum selection clause in Heinen's non-compete agreement with Donan. Donan claims essentially that Keystone waived or consented to personal jurisdiction because it was aware of the forum selection clause when it hired Heinen, regardless of the fact Keystone was not a party to Heinen's non-compete agreement.

"[T]he requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) (alteration in original) (citation omitted). "The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Id.* (citation omitted). "A forum selection clause contained in an agreement in connection with an arm's length commercial transaction between two business entities is valid and enforceable."[4] *Id.* (citation omitted). Generally, a forum selection clause should control "absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Of course, the rub here is that Keystone is not a party to Heinen's contract with Donan.

---

[3] Because Donan has not demonstrated that personal jurisdiction would be appropriate under the long-arm statute, no due process analysis is required. *Caesars Riverboat Casino*, 336 S.W.3d at 56.
[4] Neither party has contested the validity of the forum selection clause or the employment agreement.

The forum selection clause in the Donan/ Heinen employment agreement provided that "[a]ny action by Donan, Employee, or any other person or entity with respect to this Agreement, whether such action is declaratory, equitable, or legal relief, shall be brought and maintained in the appropriate courts of law. [Heinen] hereby [i]rrevocably submits to the jurisdiction and venue of the federal and state courts in Jefferson County, Kentucky." (Pl.'s Mot. TRO Ex. A, at 6, DN 2-1). Keystone argues that the forum selection clause does not apply to it because Keystone was not a party to the employment contract. (Def.'s Mot. Dismiss 3, DN 38).

Sister courts have found that non-signatories to a forum selection clause can be bound by the provision under certain circumstances if it was foreseeable that the non-signatory would be bound. *G.C. Franchising Sys., Inc. v. Kelly*, No. 1:19-CV-49, 2021 WL 1209263, at *3 (S.D. Ohio Mar. 31, 2021). "[A] non-signatory to a contract may be bound by a forum selection clause in that contract if the non-signatory is so sufficiently 'closely related' to the dispute that it is foreseeable that the party will be bound." *Id.* (citing *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997)).[5]

In *G.C. Franchising Systems*, the court found a non-signatory bound to the forum selection clause when the non-signatory defendant was an LLC created by the signatory, who was the LLC's sole member. *G.C. Franchising Sys.*, 2021 WL 1209263, at *3. The court reasoned that under the totality of the circumstances it was both foreseeable to the LLC that it would be bound to the forum selection provision of the agreement when its sole member signed it and that the LLC was sufficiently closely-related that it should be bound by the forum selection clause. *Id.*

---

[5] As a sister court has noted, however, mere knowledge of an employment agreement alone is insufficient to show foreseeability. *See Logicalis, Inc.*, 2020 WL 12689956, at *2.

"In determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." *H.H. Franchising Sys., Inc. v. Brooker-Gardner*, No. 1:14-CV-651, 2015 WL 4464774, at *3 (S.D. Ohio July 21, 2015) (citation omitted). For instance, in *Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, No. 1:20-CV-02757-DDD-STV, 2020 WL 6119470 (D. Colo. Oct. 16, 2020), the signatory defendant signed a franchise agreement with the plaintiff that included a noncompete clause. *Id.* at *2-3. The signatory defendant then terminated her franchise and formed a new LLC to operate a competing business. *Id.* at *4. The court found that the closely-related doctrine "was developed precisely to thwart actions like [one of the defendant's]" and that "[t]he close relationship arises directly from the benefits that the Franchise Defendants derived from the Fitness Together-Franchise Defendant contractual relationship." *Id*. at *14. The court emphasized that the three non-signatory LLCs were bound by the forum-selection clause because they were "apparently [] created and operated by a signatory to engage in activities covered by the agreements." *Id.*

The only fact present both in this case and *Fitness Together* is Keystone's knowledge of the forum selection clause. *Id.* at *2-3. Keystone is a third party which hired Heinen well after the employment agreement was executed, but Keystone admits that it knew of the forum selection clause before it hired Heinen. Keystone, however, was neither involved in negotiation of the Heinen/Donan agreement, nor is there any allegation that it had any relationship whatsoever with either signatory when the contract was executed. The policy reason behind the closely-related doctrine of preventing parties from escaping their contractual obligations through legal mechanisms such as a contractual assignment or creating an entity is not implicated in this case

7

because Keystone had no relationship with Heinen when he agreed to litigate disputes in Kentucky related to his employment agreement with Donan. Heinen is not seeking to avoid his obligation in Kentucky, but Keystone is a completely separate party over which this Court must have a basis for exercising personal jurisdiction.

Courts have found that foreseeability does not in exist in situations where the non-signatory is not closely related to a signatory party. *See ThorWorks Indus. v. E.I. DuPont De Nemours & Co.*, 606 F. Supp. 2d 691, 697-98 (N.D. Ohio 2008) (non-signatory licensing agent was a separate corporate and legal entity that did not benefit from the agreement and was "not sufficiently close to either signatory that it could foreseeably benefit from the forum selection clause."); *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC,* No. 5:09-CV-2613, 2011 WL 711568, at *9 (N.D. Ohio Feb. 22, 2011) (non-signatory cannot be bound by the contract under a theory of ratification when the alleged ratification took place after the contract was formed). On the other hand, in situations where a close legal relationship exists between the non-signatory and the contract, district courts within the Sixth Circuit have found foreseeability present. *See H.H. Franchising Sys.*, 2015 WL 4464774, at *5 ("When an assignment has occurred, even if the assignee is not a signatory to the original contract, the assignee satisfies the 'closely related' definition and is 'bound by the forum selection clauses contained in an underlying contract, to which the assignee is not a signatory.'" (citation omitted)).

Without more, an at-will employment relationship between a former employee and a non-signatory new employer will not bind the new employer to a forum selection clause between the plaintiff and its former employee.[6] In *Smith & Nephew, Inc. v. Northwest Ortho Plus, Inc.*, No.

---

[6] Donan cites several cases, each of which addresses situations involving a close relationship between the non-signatory defendant and a signatory party. *FraNet, LLC v. Grant*, No. 3:20-CV-203-BJB-CHL, 2021 WL 5925964, at *1 (W.D. Ky. Dec. 15, 2021) (the forum selection clause

8

12-CV-02476-JPM-dkv, 2012 WL 13027488 (W.D. Tenn. Aug. 23, 2012), the court found that non-signatory new employers of the individual defendants were not bound by the forum selection clause between plaintiff and its former independent contractors/employees. *Id.* at *9. The court reasoned that an independent contractor-employer relationship did not fall within any "closely related" relationship defined in the Sixth Circuit and the new employers did not benefit from the prior agreement between the plaintiff and the independent contractors. *Id.*

The same applies to Keystone and Heinen. Keystone did not benefit from the agreement between Heinen and Donan, was not involved in the negotiation of the agreement, and has no ownership interest in either party. *See id.* at *9; *H.H. Franchising Sys., Inc.*, 2015 WL 4464774, at *3. Thus, Heinen's new employment relationship with Keystone does not appear to be the type of close relationship required to justify personal jurisdiction over Keystone, a non-signatory to the agreement containing the forum selection clause.

The Court is likewise not persuaded by the reasoning in *Matthews International Corp. v. Lombardi,* No. 2:20-CV-00089-NR, 2020 WL 1275692 (W.D. Pa. Mar. 17, 2020), or *Umlaut, Inc. v. P3 USA, Inc.*, No. 2:19-CV-13310, 2020 WL 4016098 (E.D. Mich. July 15, 2020). In *Matthews*, the court only focused on foreseeability and completely ignored the requirement of a close relationship between the non-signatory and the signatory parties. *Matthews Int'l Corp.*, 2020 WL

---

identified the non-signatory as a "third party beneficiary"); *Amwear USA, Inc. v. Galls, LLC*, No. 5:20-CV-354-REW, 2021 WL 1994228, at *8 (E.D. Ky. May 18, 2021) (non-signatory had "common or shared ownership or control" with signatory); *G.C. Franchising Sys.*, 2021 WL 1209263, at *1 (non-signatory was an LLC formed by signatory); *Wiedo v. Securian Life Ins. Co.*, No. 3:19-CV-00097-GFVT, 2020 WL 5219536, at *7 (E.D. Ky. Sept. 1, 2020) (dealing with close relationship of insurer of employee benefits and employee welfare benefit plan between employer and employee); *Farina v. Sirpilla RV Ctrs.*, No. 5:18-CV-2734, 2019 WL 2436987, at *5 (N.D. Ohio June 11, 2019) (forum selection clause applied to husband in purchase of motor home when wife signed limited warranty containing forum selection clause); *Regions Bank v. Wyndham Hotel Mgmt., Inc.*, No. 3:09-1054, 2010 WL 908753, at *6-7 (M.D. Tenn. Mar. 12, 2010) (non-signatory named in contract as third-party beneficiary).

9

1275692, at *4-6. This contradicts the approach taken by courts within the Sixth Circuit. Likewise, in *Umlaut*, the court pointed out that a forum selection clause can be enforced against a third party only when there is a close relationship, but then similarly skimmed past whether the parties were closely related in holding that the non-signatory party was bound to the forum selection provision despite the absence of any close relationship between the non-signatory and the actual parties. *Umlaut*, 2020 WL 4016098, at *3.

Under these circumstances, Donan has not met its burden of demonstrating that Keystone is subject to personal jurisdiction in Kentucky under any of the provisions of the Kentucky long-arm statute. Further, Keystone is not bound by the forum selection clause in Donan's contract with Heinen because there is no close relationship between Keystone and Heinen sufficient to justify holding Keystone to a forum selection promise that it never made. Keystone's motion therefore will be granted.

### IV.    CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 16) is **DENIED AS MOOT**.

2. Defendant's Motion to Dismiss (DN 38) is **GRANTED**, and Plaintiff's claim against Defendant Keystone Experts and Engineers is **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

April 28, 2022

cc:    counsel of record